UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| _____ ) | |
| THE GILETTE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 04 Civ. 11222 (MLW) |
| ) | |
| RECKITT BENCKISER, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**AFFIDAVIT OF MARK A. FOWLER**
**EXHIBIT A**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ **DISTRICT OF** ___ NEW YORK ___

*ECF CASE*

RECKITT BENCKISER INC.,

        Plaintiff,

**SUMMONS IN A CIVIL CASE**

**V.**

CASE NUMBER: JUDGE JONES

THE GILLETTE COMPANY,

        Defendant.

# 04 CV 04207

TO: (Name and address of defendant)

THE GILLETTE COMPANY
Prudential Tower Building
Boston, Massachusetts 02199

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mark A. Fowler, Esq.
Mark Lerner, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, NY 10169

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

                                 JUN 14 2004

CLERK

*Melanie L. Lopez*

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECKITT BENCKISER INC.,

        Plaintiff,

v.

THE GILLETTE COMPANY,

        Defendant.

:  Civ 04-____-(____)

:  **COMPLAINT**

JUDGE JONES

**04 CV 04207**

:

:

:

:

Plaintiff Reckitt Benckiser Inc. ("Reckitt"), by its attorneys, Satterlee Stephens Burke &

Burke LLP, for its complaint against The Gillette Company ("Gillette"), alleges upon

information and belief as follows:

<u>THE NATURE OF THE ACTION</u>

    1.    Reckitt brings this action pursuant to the Trademark Act of 1946 (the Lanham

Act), as amended, 15 U.S.C. § 1501 et seq. and the Declaratory Judgment Act, 28 U.S.C. § 2201-

2202, to protect its rights to advertise and sell its VEET® (hereinafter "VEET") Rasera brand

"Bladeless Razor kit," which contains an easy-to-use depilatory gel cream and removal tool and

to protect its right to continue to run television commercials for another VEET mousse

depilatory.

    2.    Reckitt has for some time been airing two creative and humorous commercials

designed to inform consumers about certain attributes of Reckitt's depilatory products sold under

the VEET brand name.[1]  The VEET brand of hair removal products is the world's best-selling

---

[1] *The American Heritage Dictionary* (1996) defines "depilatory" as "a preparation in the form of a liquid or cream
that is used to remove unwanted hair from the body."  Because the polysyllabic word "depilatory" is unfamiliar to
many people and difficult to pronounce, manufacturers have long referred to the product by the generic phrase "hair
removal cream," which is drawn directly from the dictionary definition of "depilatory."

1

562564_2

line of depilatory products and is well-known to many consumers, the majority of whom are women. One of the Reckitt's lighthearted commercials introduces the new VEET Bladeless Razor kit, which consists of a can of hair removal cream and an innovative plastic device, shaped generally like a familiar generic disposable razor, but which does not utilize a blade or other cutting device. The innovative VEET Bladeless Razor device, which is the subject of U.S. and international patents and pending patent applications, is used to remove the VEET depilatory cream. The look and feel of the tool and certain other features are found on no other depilatory removal device. The term VEET Bladeless Razor was selected in order to communicate in a creative way to consumers that the product removes hair *without* a blade, which some people do not like, in part because of the risk of cuts or abrasion. The two playful commercials also accurately communicate the findings of documented research studies in which many users report that they believe that, when they use VEET brand products, their skin feels smoother – for a longer period of time – than when they shave with a bladed razor.

       3.     Upon information and belief, Defendant Gillette has long maintained a dominant position in the women's hair removal market. Upon further information and belief, Gillette controls approximately half of the total market which amounts to approximately twenty times the VEET brands' total share of the women's hair removal market. Gillette has now embarked upon an anti-competitive campaign to maintain and expand that dominant market position by silencing Reckitt's popular commercials that simply advise consumers that there are effective alternatives to shaving with a bladed razor. Specifically, Gillette is now claiming that: (i) the use of the terms "bladeless razor," "bladeless razor kit" and "Rasera" is likely to mislead consumers as to the nature of the product, (ii) television commercials for the Rasera product and VEET mousse show use of the products that is inconsistent with the directed

2

use and therefore misrepresent the nature of the products, (iii) packaging and advertisements for the products, which allegedly claim that the products provide effective hair removal in a three-minute time frame are misleading, and (iv) use of the term "revolutionary" to describe the product is false and misleading.

4.    None of Gillette's claims is true.

5.    Reckitt seeks declaratory and injunctive relief to protect its legal rights in connection with its packaging and advertisements

## PARTIES

6.    Reckitt is a corporation of the state of New Jersey with its principal place of business at 399 Interpace Parkway, Parsippany, NJ, 07054.

7.    Gillette is, upon information and belief, a corporation of the state of Delaware with its principal place of business at Prudential Tower Building, Boston, Massachusetts 02199.

## JURISDICTION AND VENUE

8.    This Court's jurisdiction over plaintiff's declaratory judgment action is founded on 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a) and (b).

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred here, in that, among other things, the plaintiff's products are sold in this district and the commercials were conceived and aired in this district.  Defendant's competing products are also widely advertised and sold in this district.

10.    Pursuant to 28 U.S.C. §2201, an actual controversy exists between the parties in that a letter dated May 24, 2004 from defendant's counsel to Reckitt accused Reckitt of false advertising under the Lanham Act, 15 U.S.C. § 1125; demanded that Reckitt: (i) cease using the

562564_2

terms "bladeless razor" and "bladeless razor kit", (ii) cease suggesting that the Rasera and VEET

mousse products can be used in a three-minute time period, (iii) cease depicting the use of its

products in a manner inconsistent with the package instructions, and (iv) begin labeling its

Rasera product with the term "depilatory"; threatened to take legal action against Reckitt; and

caused Reckitt to have a reasonable apprehension of litigation.  A true and correct copy of the

May 24, 2004 letter is annexed hereto as Exhibit A and is incorporated herein by reference.

FACTS

Background

11.    Reckitt is a manufacturer and seller of many well-known consumer products,

including, LYSOL® household cleaning products, AIRWICK® room deodorizers, SPRAY 'N

WASH® laundry stain removers, ELECTRASOL® automatic dishwashing detergent,

FRENCH'S® condiments, and the products at issue here, VEET® hair removal gel creams and

mousse.

12.    Gillette is the leading manufacturer of men's and women's razors and related

products.

The VEET Bladeless Razor Kit

13.    The new VEET Rasera Bladeless Razor kit comes in a clear plastic package

through which the contents are plainly visible.  It is immediately clear upon inspection of the

package that the VEET Rasera Bladeless Razor kit includes an aerosol can of depilatory gel

cream and a razor-shaped tool, which does not utilize a blade, used for scraping off the cream in

a motion that resembles shaving.  The can, which, again, is visible through the blister pack,

conspicuously notes that it is "Hair Removal Gel Cream," which is, as described above, the

common generic term for the product.  It is also evident from inspection of the "bladeless razor"

4

that it does not have a blade, nor could it accept one. Finally, a disclaimer on the back of the product confirms "this kit does not contain a razor blade." A picture of the product is annexed hereto as Exhibit B.

14.     The trademark phrase "bladeless razor" was adopted precisely in order emphasize some of the significant *differences* between removing hair with a hair removal cream and shaving with a bladed razor. It is the equivalent of 7-Up styling itself as the "Un-Cola." The well-known VEET brand name (used exclusively in connection with depilatory products and well recognized by consumers world-wide as a chemical hair removal brand) also immediately communicates to consumers that this a hair removal cream product – intended as alternative to a shaver.

Gillette's Mistaken Claims

15.     On or about May 24, 2004 counsel for Gillette sent a letter to Reckitt accusing it of false advertising. According to the letter, Gillette had four major areas of concern. Its first concern is the use of the terms "bladeless razor," "bladeless razor kit" and "Rasera." According to Gillette, the use of these terms creates a misleading impression that the product is more akin to a shaving cream and razor combination than a depilatory and the terms are thus false and misleading. Gillette next complains that television advertising for the VEET Rasera hair removal gel cream and the related VEET hair removal mousse creates the impression that they can be used in a manner that contradicts the instructions on the package. Third, Gillette complains that the "explicit and implicit claims that the VEET depilatory products provide a quicker alternative to leg hair removal than shaving and the Rasera product provides effective hair removal within a three-minute timeframe are false and misleading." Finally, Gillette

562564_2

5

complains that Reckitt's use of the term "revolutionary" in connection with the "Bladeless Razor" tool is false and misleading.

16.    Gillette's letter demands that Reckitt: (i) cease using the terms "bladeless razor" and "bladeless razor kit," (ii) cease suggesting that the Rasera hair removal gel cream and the VEET hair removal mousse can be used in a three-minute time period, (iii) cease depicting the use of its products in a manner inconsistent with the package instructions, and (iv) begin labeling its Rasera hair removal gel cream with the term "depilatory."

17.    All of Gillette's complaints are without merit.

"Bladeless Razor" Is Not False or Misleading

18.    Taken in context, the phrase "VEET Bladeless Razor kit" creatively and truthfully conveys significant attributes of Reckitt's product. The phrase is neither literally false, nor false by implication. Moreover, the phrase "Bladeless Razor" standing alone is not likely to impact any purchasing decision, and is therefore not material. Reckitt makes no claims either in packaging or in advertising that the product is a razor and shaving cream combination. In fact, the phrase "hair removal gel cream" – the common, generic, plain English term for depilatory – appears prominently in the Bladeless Razor commercial and on the packaging for the kit. Although the "bladeless razor" tool is shaped similarly to a generic razor so that consumers can remove the cream with a tool that has a familiar look and feel, it is obvious that it is not a bladed razor, nor could it function as one. As the word "bladeless" makes clear, there is no cutting action from the tool, which is precisely the advantage over a traditional razor. The VEET Bladeless Razor is to a bladed shaver as 7-Up's "Un-Cola" is to a cola drink. The phrase concisely highlights the differences between Reckitt's product and a bladed shaver. Thus, far from claiming to be a razor, VEET Bladeless Razor conjures up the term razor in order to

6

562564_2

communicate what it is NOT. Using the gel cream and removal tool, consumers will not nick, cut, or abrade themselves.

19.    The term "VEET Bladeless Razor" is clever, suggestive and not, by any means, misleading. The term is similar to a wide variety of marks or advertising slogan which, in a vacuum, are non-literal, but which, in context, plainly suggest – by a readily apprehended metaphor – the nature of the products. As stated, "Un-Cola" conveys the concept that 7-Up resembles a cola in that it is a soft drink, but also that there are differences – e.g., no caffeine and a fresher, lighter taste. Other examples of non-literal suggestive marks or slogans include LIQUID NAILS (for glue, which replaces nails), PLASTIC WOOD (for putty, which, when dry, sands like wood); LAWN DOCTOR (for gardening services, which are not performed by MDs), and LIQUID PLUMMER (for a drain declogger that does not require the services of a plumber), among others.

Reckitt's Advertising Appropriately Depicts the Use of the Products

20.    Contrary to Gillette's assertions, the commercial for the Bladeless Razor kit and the commercial for the VEET hair removal mousse depict methods of use that are not inconsistent with the directions on the packaging.

21.    As a preliminary matter, Gillette's claims that the commercials depict consumers using the product in the "living areas" of the consumer's home or while the consumer is dressed are without support. The VEET Bladeless Razor commercial shows the product being playfully applied in a large bathroom/bedroom area. The product is clearly removed over a tub. Likewise, in the commercial for the mousse, the entire application and removal of the product takes place in a bathroom.

7

22.     There is nothing in the product directions to suggest that clothing not be worn while the product is used. Each of the commercials depicts a consumer wearing a short skirt which end at least six (6) inches above the knee. The product is shown being applied only to the lower legs. There is no indication that clothing could or should be worn if applying the product to the upper part of the legs.

23.     Moreover, each of the commercials features an on-screen reminder advising consumers to "Use as directed." Such on-screen reminders serve to notify consumers that they should read and follow the instructions for the product.

Reckitt's Advertising and Product Packaging Claims Are Supported by Research

24.     A commercial for the VEET Rasera Bladeless Razor kit, entitled "Feeling Sensual," discusses its ease of use and the advantages over shaving, namely, its overall speed compared to typical shaving routines, and the longer lasting effects of use – i.e., skin feels smoother for up to twice as long as skin shaved with a bladed razor. However, contrary to Gillette's contention in its cease and desist letter, nowhere in the commercials does Reckitt make the explicit or implicit claim that the amount of time needed to use the mousse is "significantly less than would be required to utilize other hair removal products." Again, it appears that Gillette has not viewed the commercials carefully before sending out its cease and desist letter.

25.     A transcript of the commercial promoting the Rasera Bladeless Razor kit follows:

Music playing background.

Woman laughing with music still playing.

Woman talking with music playing: "Discover new sensations."

Woman talking with no music playing: "Introducing the revolutionary VEET Bladeless Razor kit."

Woman talking with music playing in background: "This special hair remover cream works with a bladeless razor tool to remove

8

hair, there's no cuts or prickly stubble and your skin feels smooth up to twice as long as shaving with a blade.  If only every feeling [woman says 'Ouch' in the background] lasted as long.  The VEET Bladeless Razor kit, a feeling that lasts."

26.    Like the advertising for Rasera, a commercial for the mousse, entitled "When You've Got No Time" touts the fast, easy use of the product and the longer lasting smooth skin that results.

27.    A transcript of the commercial for VEET mousse follows:

Music playing.  Alarm clock rings.

Woman talking: "When you've got no time to lose, use VEET Mousse, not razors!  It's easy, and your legs will feel sexy and smooth for days longer than shaving.  If only every feeling lasted as long. [Baseball announcer in background says 'Strike three and he's outta there.']  VEET, a feeling that lasts."

A CD-ROM including both commercials is annexed hereto as Exhibit C.

28.    As shown by the transcript, there is no claim in either commercial that use of the product can be completed in a three-minute timeframe.

29.    The Rasera gel cream bottle does feature a clock-like image with a grayed-out segment to depict the elapsing of three-minutes as well as a "3" and "min."  When the overall package, including the directions is reviewed, it is clear that the three minutes is the suggested time for which the gel product should remain on the skin, however a longer period of application may sometimes be required.  The package for the mousse, like both commercials makes no claim of a three minute application period.

30.    Reckitt commissioned research to test hair removal efficacy when the VEET gel cream was applied to the lower legs for three minutes.  According to the study, participants were more satisfied with the skin smoothness of the leg on which they had applied VEET gel cream for three minutes than with the smoothness of the leg they had shaved using a traditional razor.

9

Participants also reported that the leg on which VEET gel cream was used remained smoother for longer than the leg that was shaved. Since research supports the claim that leaving the product on for only three minutes achieves the intended results, the claims on Reckitt's packaging are fully substantiated.

The Term "Revolutionary"

31.     Reckitt's VEET Bladeless Razor device is a significant departure in design from any tool previously marketed for removing a depilatory cream. The device is the subject of a pending design and utility patent applications in the United States and abroad and patents have, in fact, already been granted in several jurisdictions. Assuming solely for the sake of argument that the term "revolutionary" were deemed to make a specific factual claim, the foregoing factors would be more than ample to substantiate such a claim. But the VEET Bladeless Razor commercial, like hundreds of commercials and advertisements before it, uses the term "revolutionary" as an emphatic way of saying that the device is "new," which it most definitely is. The use of this term is at most mere puffery simply not actionable under the Lanham Act. Indeed, Gillette itself has frequently used the word "revolutionary" in advertisements for shaving products that are substantially less world-changing.

Gillette's Undue Delay

32.     In or about November 2003, Reckitt announced its intended launch of a female hair removal line of products under its VEET brand in the U.S. and other countries. Specifically, the company announced that it would begin selling in the first quarter of 2004 a product known as VEET Bladeless Razor kit, which would include a hair removal gel cream, along with a plastic razor-shaped tool for removing the gel cream. Reckitt indicated that the system worked in three minutes and the resulting hair removal lasts twice as long as shaving with a bladed razor.

10

Product launch information also indicated that the advertising would focus on these product advantages over shaving. A copy of a November 6, 2003 *Marketing Week* article reporting on the launch is annexed hereto as Exhibit D.

33.    Gillette was thus aware of Reckitt's intended product launch long before its May 24, 2004 letter. Indeed, Gillette first complained about the use of the name "bladeless razor" in a letter to Reckitt dated February 12, 2004.

34.    In or about late February, 2004, Gillette sought a preliminary injunction in Germany regarding the use of the term "bladeless razor."

35.    In early April, 2004, Gillette challenged the packaging of the VEET Rasera Bladeless Razor kit in Spain and Italy.

36.    As planned, Reckitt rolled out the sale of the product worldwide, beginning in Europe in January, 2004 and North America in March, 2004. A nationwide advertising campaign commenced in the United States on or about April 5, 2004.

37.    Nonetheless, after first approaching Reckitt in mid-February and taking legal steps outside the United States, Gillette took no action to protect its position in the United States at that time, despite having clearly been on notice that the product was to be launched in the United States. Once the product was launched, Gillette waited an additional six weeks before complaining. Based on its delay, it cannot believe that it will suffer any irreparable harm from the sale and advertising of Reckitt's products.

## CAUSE OF ACTION
### (Declaratory Judgment)

38.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 35, inclusive, of the Complaint as if set forth herein at length.

11

562564_2

39.    The use of "bladeless razor," and "bladeless razor kit" as well as the three-minute symbol on packaging for VEET Rasera hair removal gel cream and its intention to continue selling the product in this packaging, as well as the airing of Reckitt's two television commercials and its intention to continue airing such commercials, in combination with Gillette's May 24, 2004 letter, creates a real and reasonable apprehension of a suit for false advertising. By reason of this actual and justiciable controversy, Reckitt is entitled to a declaratory judgment that its packaging and advertising are not false and misleading, do not violate any of Gillette's rights, and do not constitute false advertising under the Lanham Act, 15 U.S.C. § 1125, any other laws of the United States, any laws of the State of New York, or any other state.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Reckitt demands judgment as follows:

A.    Declaring that the use of the terms "bladeless razor," "bladeless razor kit" and "Rasera" is not false and misleading.

B.    Declaring that Reckitt's commercials, entitled "Feeling Sensual" and "When You've Got No Time," for VEET Rasera brand hair removal gel cream and VEET hair removal mousse are not false and misleading.

C.    Declaring that the packaging for and commercials promoting these products do not violate any rights of Gillette under the Lanham Act, any other laws of the United States, any laws of the State of New York, or any other state;

D.    Permanently enjoining Gillette, its officers, employees, directors, agents, servants, representatives, successors and assigns, and all persons firms and corporations over which Gillette has any control or which are in active concert or participation with Gillette and who have notice or knowledge hereof, from:

12

(a)    interfering with, or threatening to interfere with the use of Reckitt's packaging or advertising campaign utilizing the terms "bladeless razor," "bladeless razor kit" or "Rasera";

(b)    interfering with, or threatening to interfere with Reckitt's airing of the commercials entitled "Feeling Sensual" or "When You've Got No Time" for the VEET Rasera Bladeless Razor kit or VEET mousse; and

(c)    instituting or prosecuting any suit or other proceeding placing in issue the right of Reckitt or its related companies, successors or assigns to use its packaging or advertising campaigns for VEET Rasera Bladeless Razor kit or VEET mousse entitled "Feeling Sensual" or "When You've Got No Time."

F.    Awarding Reckitt reasonable attorneys' fees;

G    Awarding Reckitt costs in this action; and

H.    Granting Reckitt such other further relief as the Court deems just and equitable.

Dated: June 3, 2004
New York, New York

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
    Mark A. Fowler (MF-4605)
    Mark Lerner (ML-4858)
230 Park Avenue
New York, NY 10169-0079
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

*Attorneys for Plaintiff*
*Reckitt Benckiser Inc.*

13







**ROPES & GRAY LLP**

ONE METRO CENTER  700 12TH STREET, NW  SUITE 900  WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650

BOSTON  NEW YORK  SAN FRANCISCO  WASHINGTON, DC

## Fax Transmittal Letter

**Important**: Please deliver this document immediately!

If you do not receive all pages, please call: (202) 508-4600

Total number of pages including this transmittal letter:  5

| **Name** | **Firm/Company** | **Fax Number** | **Phone Number** |
|---|---|---|---|
| To:  William R. Morden, Esq | Reckitt Benckiser Inc. | 973-686-7279 | |

From:   James M. Spears

Comments:

The original letter and enclosures will arrive at your office by Federal Express tomorrow morning.

---

### Please Complete When Submitting to Fax Department

Date: May 26, 2004                                           Time: 6:27 PM

File Symbol: GSR-637                                    Personal ID Number: 28428

Submitted By: James M. Spears                     Phone: (202) 508-4681

---

THIS FAX MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IT IS INTENDED FOR USE ONLY BY THOSE TO WHOM IT IS ADDRESSED.  IF THIS FAX IS NOT ADDRESSED TO YOU, OR IF YOU RECEIVED IT IN ERROR, YOU MAY NOT DISCLOSE, DISTRIBUTE, COPY OR USE THIS FAX OR ANY INFORMATION IN IT.  INSTEAD, PLEASE CALL US COLLECT AT (202) 508-4600 TO ARRANGE FOR ITS DESTRUCTION OR RETURN.

# ROPES &GRAY

ROPES & GRAY LLP

ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650
BOSTON   NEW YORK   SAN FRANCISCO   WASHINGTON, DC

May 24, 2004

James M. Spears
(202) 508-4681
jspears@ropesgray.com

William R. Morden, Esq.
Reckitt Benckiser Inc.
1655 Valley Road
Wayne, New Jersey 07474

Dear Mr. Morden:

This firm represents The Gillette Company ("Gillette"). We write to express Gillette's concerns regarding certain advertising and packaging used by Reckitt Benckiser ("Reckitt") in connection with its recently launched VEET "Rasera" "Bladeless Razor Kit," as well as recent advertising used by Reckitt in connection with its VEET Mousse product. For your reference, we have enclosed the "Rasera" package and a CD containing television commercials for both the "Rasera" and Mousse products.

Gillette believes that these advertisements are misleading in that they misrepresent the nature, character and qualities of the products being sold and seek to mask the fact that the products in question are nothing other than traditional depilatory products. The explicit and implicit claims contained in both the commercials and on the product packaging, taken separately and together, create a false impression of the products which will mislead consumers and cause harm to Gillette in terms of lost sales and other costs. Consequently, we believe that it is imperative that Reckitt immediately cease and desist from making these false and misleading claims and take such steps as may be necessary to resolve consumer confusion as to the nature, character and qualities of these products.

Gillette's principal concerns are set forth below.

I.      Bladeless Razor™ Claims

The advertising and packaging for the VEET "Rasera" prominently features that product name, along with the designation "Bladeless Razor" and "Bladeless Razor Kit." The designation "Bladeless Razor," in which trademark rights are claimed, refers to a plastic scraper that is provided with the VEET depilatory crème. By using terms like "Bladeless Razor," "Bladeless Razor Kit," and "Rasera" in claims and descriptors, Reckitt's advertising suggests to consumers that the product is more akin to a razor and shave preparation combination than it is to a depilatory agent, and thus misrepresents the nature, characteristics, and qualities of the product. As you are aware, the "Bladeless Razor" claim used to advertise the VEET "Rasera" depilatory

ROPES & GRAY LLP

William R. Morden, Esq.                    - 2 -                    May 24, 2004

product in Italy and Spain was determined by advertising juries in both countries to be false and misleading and that a court issued an injunction prohibiting Reckitt from making such claims with respect to the product in Germany.

## II.    Method of Use Claims

Other elements in the television commercials, such as the manner in which the use of the "Rasera" and Mousse products is depicted, further obscure the true nature and characteristics of the products and give consumers a false impression as to how the products may be properly and safely used. A visual theme that runs throughout Reckitt's recent television advertising for both its VEET "Rasera" and Mousse products is the notion that the products can be casually used in the living areas of the consumer's home or while the consumer is dressed.

These impressions are inconsistent with the proper use of depilatory products and, in fact, with the "Directions for Use" instructions found on the "Rasera" product label, which warn consumers to use the product in an "empty bath or shower in order to avoid spillage on carpet, flooring and clothing." By depicting the products as ones that can be safely used in a casual manner, while clothed or in the living areas of the home, the advertisements again misrepresent the nature, characteristics and qualities of the products.

## III.    "Three Minute" and "No Time to Lose" Claims

The VEET "Rasera" product package features a stylized clock face containing a "3 minute" claim, which suggests to consumers that the product can be safely and effectively used within a three-minute timeframe. This claim is echoed in the new VEET Mousse television commercial, which suggests that the amount of time needed to use the Mousse is significantly less than would be required to utilize other hair removal products.

Gillette considers these claims to be incorrect and misleading as well. Gillette believes that most, if not all, consumers will find the three minute timeframe completely inadequate to effectively remove leg hair. (Indeed, the "Directions for Use" printed on the aerosol container recognize that longer removal times are often required and that even eight minutes may not be an adequate amount of time for the product to work for some users.) Additionally, Gillette believes that the average amount of time required to use the "Rasera" product increases significantly when one includes the time necessary to apply and adequately remove the product. Indeed, there appears to be no basis for believing that the "Rasera" product removes leg hair any more quickly or effectively than other depilatory products and, in this regard, Gillette believes that most consumers find that shaving provides a quicker way to remove leg hair. Consequently, Gillette believes that the explicit and implicit claims that the VEET depilatory products provide a quicker alternative to leg hair removal than shaving and the Rasera product provides effective hair removal within a three-minute timeframe are false and misleading.

ROPES & GRAY LLP

William R. Morden, Esq.                    - 3 -                    May 24, 2004

IV.    "Revolutionary Product" Claims

The VEET "Rasera" television commercial characterizes the product as "revolutionary." However, the only apparent difference between the VEET Rasera and VEET's existing line of mousse and lotion products is the addition of the plastic "Bladeless Razor" scraper. The addition of this plastic scraper does not appear to change the function of the VEET depilatory product and provides no discernable benefit beyond that which would be obtained by a consumer using a washcloth or sponge, items which are customarily used to remove depilatory crèmes. Indeed, we see no material difference between the plastic scraper that is packaged with VEET Rasera and the sponge that is included with VEET Mousse. Accordingly, we believe that Reckitt's claim that the VEET "Rasera" product is "revolutionary" is not factually correct and, again, is intended to give consumers the false impression that VEET Rasera is something other than an ordinary depilatory product.

* * *

As you are aware, the Lanham Act, 15 U.S.C. § 1125, prohibits "commercial advertising or promotion, [that] misrepresents the nature, characteristics [or] qualities" of a good. Gillette believes that the elements noted above, taken together and individually, fundamentally misrepresent the nature, characteristics and qualities of Reckitt's VEET products. Relying upon these misrepresentations, consumers have purchased and will continue to purchase the VEET products in question, to Gillette's detriment.

The urgency of this matter (and the corresponding need for prompt and decisive action by Reckitt) cannot be overstated given the substantial and continuing damage to Gillette products caused by false and deceptive advertising claims for the VEET depilatory products during the height of the marketing and sales season for women's hair removal products. Although Gillette is prepared to initiate prompt legal action to prevent continued consumer deception and to remedy the damage suffered by Gillette as a result of this deception, Gillette wishes to afford Reckitt an opportunity to resolve Gillette's concerns amicably and without further delay.

Specifically, Gillette believes that several remedial steps are urgently required. First, Reckitt should immediately cease using misleading terms and making misleading statements in its advertising and promotion of its depilatory products. This would include eliminating from all television commercials and other product advertising (i) the terms "bladeless razor" and "bladeless razor kit" and (ii) all claims or suggestions that the Rasera or Mousse products are effective for the ordinary user in removing leg hair within a three-minute timeframe or in a timeframe superior to other hair removal techniques. Reckitt also should promptly replace or modify the existing product packaging with packaging that does not contain these misleading elements.

ROPES & GRAY LLP

William R. Morden, Esq.                    - 4 -                    May 24, 2004

Second, Reckitt should immediately cease and desist from depicting the use of its depilatory products, in television commercials and other advertising media, in ways inconsistent with the package instructions. At a minimum, models in these commercials should not be depicted wearing ordinary clothing while using the products or using them in any part of the house other than an empty tub or shower, as the label directs.

Third, Reckitt should clearly label its Rasera product as a depilatory. The fact that neither the Rasera aerosol can nor package conspicuously identifies the contents as a depilatory is misleading and, in fact, is inconsistent with the way that Reckitt presents its Mousse depilatory product. The inclusion of a French language description of the product as a "crème épilatoire" is not adequate and does not provide English-speaking consumers with fair notice as to the nature, character and quality of the product being sold.

We believe that these changes in product advertising and promotion are modest and constitute those steps minimally required to avoid consumer confusion and deception. We would be pleased to discuss them further with you should you deem that useful. Please understand however, that we have been instructed by our client to move expeditiously in the event that some sort of reasonable accommodation cannot be quickly reached. Consequently, we urge your prompt attention to this matter.

Please be advised that nothing in this letter should be construed as binding on Gillette, and this letter is sent without prejudice to Gillette's right to seek judicial assistance to remedy the harm it has suffered and continues to suffer as a result of any false and misleading advertising of the VEET depilatory products.

We look forward to hearing from you or your legal representative in the very near future.

Best regards,

James M. Spears

Enclosures
cc:  Kevin Loftus





A hard copy of Exhibit C (computer disk) is on file with the court.

11/6/03 BSX-MKTGWK 9                                                    Page 1
11/6/03 Mkt. Wk. 9
2003 WL 66672441
· **(Publication page references are not available for this document.)**

Marketing Week
(c) 2003 Centaur Communications Limited or its licensors.

Thursday, November 6, 2003

RB to launch 'bladeless' female razor.

Reckitt Benckiser (RB) is to launch a female shaving line under its Veet brand next year, to compete against recent innovations by industry giants Gillette and Wilkinson Sword. Known as Veet **Bladeless Razor,** the product is a sharp plastic blade that shaves when used with a specially formulated depilatory lather. The launch will be backed by a TV advertising campaign worth about £3m. Veet's advertising is through J Walter Thompson, with media handled by All Response Media.

According to industry sources, RB claims the system works in three minutes – rather than the ten minutes taken by existing depilatory creams – and the hair loss will last twice as long as normal shaving. The advertising is expected to focus on these advantages.

RB will introduce Veet **Bladeless Razor** at the same time as it relaunches its Veet wax and hair-removing strips, which will be improved and given new variants next year. Veet, which was known as Immac until its rebranding last year, is one of RB's so-called "powerbrands".

The launch comes at the same time as Gillette is extending its Sensor 3 disposable razor with a range for women, while Wilkinson Sword is to launch Intuition, a razor for women that lathers and shaves in a single process (MW May 22).

Copyright: Centaur Communications Ltd. and licensors.

---- INDEX REFERENCES ----

COMPANY:          Reckitt Benckiser PLC (RCOL)


INDUSTRY:         (Personal Care Products (IPRSCP); Chemicals (I25);
                  Soaps/Cosmetics (I258); Soap/Cleaning Products (I2581);
                  Consumer Products (ICNP))


OTHER INDEXING:   Reckitt Benckiser (RB); J Walter Thompson; All Response
                  Media; United Kingdom

Word Count: 225

11/6/03 BSX-MKTGWK 9

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works