UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY, | : |
| Plaintiff, | : 04 Civ. 11222 (MLW) |
| v. | : |
| RECKITT BENCKISER, INC., | : |
| Defendant. | : |

## ANSWER OF DEFENDANT RECKITT BENCKISER INC.

The Defendant, Reckitt Benckiser Inc. ("Reckitt"), hereby answers the corresponding numbered paragraphs of the Complaint of the Plaintiff, The Gillette Company ("Gillette"), as follows:

### RESPONSE TO STATEMENT OF THE CASE

1. Reckitt admits that Gillette has styled this as an action for alleged violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and of Section 2(a) of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93, but denies the remaining allegations set forth in paragraph 1 of the Complaint.

### RESPONSE TO JURISDICTIONAL ALLEGATIONS

2. Reckitt admits the allegations set forth in paragraph 2 of the Complaint.

## RESPONSE TO VENUE ALLEGATIONS

3.  Reckitt admits that venue lies in this jurisdiction pursuant to 28 U.S.C. § 1391(c), but denies the remaining allegations set forth in paragraph 3 of the Complaint, and affirmatively asserts that a prior declaratory judgment action involving the same transactions and occurrences has been filed in the Southern District of New York and respectfully submits that this action should be stayed or transferred to that judicial district pursuant to 28 U.S.C. § 1404 and consolidated with the prior action.

## RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES

4.  Reckitt is without information sufficient to permit it to admit or deny the allegations set forth in paragraph 4 of the Complaint.

5.  The allegation set forth in paragraph 5 of the Complaint that "Reckitt does a substantial amount of business in this judicial district and conducts extensive marketing and sales in this judicial district" is vague and ambiguous, and, on that basis, Reckitt denies that allegation. Reckitt denies the remaining allegations set forth in paragraph 5 of the Complaint, except admits that Reckitt markets, distributes, and sells the products at issue in this lawsuit in United States markets.

## RESPONSE TO GENERAL ALLEGATIONS

### The Products

6.  Reckitt is without information sufficient to permit it to admit or deny the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Reckitt admits the allegations set forth in paragraph 7 of the Complaint.

8. Reckitt is without information sufficient to permit it to admit or deny the allegations set forth in paragraph 8 of the Complaint insofar as they refer to depilatory products other than those sold by Reckitt. Reckitt denies the remaining allegations set forth in paragraph 8 of the Complaint, except admits that depilatories work by chemically loosening the hair above the surface of the skin and that depilatories are used by applying them to the skin, waiting for a period or time, and then removing the product and excess hair.

9. Reckitt is without information sufficient to permit it to admit or deny the allegations set forth in paragraph 9 of the Complaint insofar as they refer to depilatory products other than those sold by Reckitt. Reckitt denies the remaining allegations set forth in paragraph 9 of the Complaint, and affirmatively asserts that Reckitt's products contain appropriate usage instructions including information concerning how long the products should remain on the skin and, in some instances, recommendations concerning where the products may best be used.

10. The allegations set forth in paragraph 10 of the Complaint that "the market for women's hair removal products in the United States in 'highly competitive'" and "marketing techniques, including branding, packaging, and advertising, play a critical role in influencing the consumer's choice of product" are vague and ambiguous, and, on that basis, Reckitt denies those allegations. Reckitt admits the remaining allegations set forth in paragraph 10 of the Complaint.

11. Reckitt is without information sufficient to permit it to admit or deny the allegations set forth in paragraph 11 of the Complaint.

12. Reckitt admits the allegations set forth in paragraph 12 of the Complaint that certain depilatory products, including certain products sold by Reckitt, compete with certain bladed razor shaving systems, and admits that the advertising at issue does, in certain respects, compare and contrast VEET products, on the one hand, and bladed razor shaving systems, and respectfully begs leave to refer to true copies of the advertising for an accurate statement of the contents thereof in proper context. Reckitt is without information sufficient to permit it to admit or deny the remaining allegations set forth in paragraph 12 of the Complaint.

## The VEET Branding, Packaging, and Advertising

13. Reckitt denies the allegations set forth in paragraph 13 of the Complaint, except admits that the VEET mousse depilatory product has been marketed and sold in the United States for several years and that the VEET Rasera product consists of a container of depilatory cream packaged with a bladeless tool shaped somewhat like a razor, which Reckitt has branded as the Bladeless Razor™.

14. With respect to the allegations set forth in paragraph 14 of the Complaint, Reckitt respectfully begs leave of the Court to refer to a true copy of the product packaging of the VEET Rasera product for an accurate statement of the contents thereof in proper context, and denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. The allegation set forth in paragraph 15 of the Complaint that "Reckitt launched an extensive, nationwide advertising campaign to promote that product" is vague and ambiguous, and, on that basis, Reckitt denies that allegation. Reckitt admits the remaining allegations set forth in paragraph 15 of the Complaint.

16. Reckitt admits the allegations set forth in paragraph 16 of the Complaint that Reckitt has aired a thirty-second television commercial for the VEET Rasera product beginning, in some markets, on or about April 5, 2004, and respectfully begs leave of the Court to refer to a true copy of (a) the commercial for an accurate statement of the contents thereof in proper context, and (b) the media schedule for the product for an accurate statement of dates when the commercial aired, or is scheduled to air, in any markets, including this District.

17. With respect to the allegations set forth in paragraph 17 of the Complaint, Reckitt respectfully begs leave of the Court to refer to a true copy of the commercial for an accurate statement of the contents thereof in proper context, and denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. With respect to the allegations set forth in paragraph 18 of the Complaint, Reckitt respectfully begs leave of the Court to refer to a true copy of the commercial for an accurate statement of the contents thereof in proper context, and denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Reckitt denies the allegations set forth in paragraph 19 of the Complaint, except admits that, in 2004, Reckitt has aired a commercial for the VEET mousse depilatory product, and affirmatively states that a substantially similar version of

the same commercial had been aired widely in 2003 outside the United States without objection from Gillette.

20. With respect to the allegations set forth in paragraph 20 of the Complaint, Reckitt respectfully begs leave of the Court to refer to (a) a true copy of the commercial for an accurate statement of the contents thereof in proper context, and (b) a true copy of the media schedule for the product for an accurate statement of dates when the commercial aired or is scheduled to air in any markets, including this District, and denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. With respect to the allegations set forth in paragraph 21 of the Complaint, Reckitt respectfully begs leave of the Court to refer to a true copy of the commercial for an accurate statement of the contents thereof in proper context, and denies the remaining allegations set forth in paragraph 21 of the Complaint.

### Response to Allegations That Reckitt's Branding, Packaging, And Advertising Are Likely To Mislead Consumers

22. Reckitt denies the allegations set forth in paragraph 22 of the Complaint.

23. Reckitt denies the allegations set forth in paragraph 23 of the Complaint.

24. Reckitt denies the allegations set forth in paragraph 24 of the Complaint.

25. Reckitt denies the allegations set forth in paragraph 25 of the Complaint.

26. Reckitt denies the allegations set forth in paragraph 26 of the Complaint.

27. Reckitt denies the allegations set forth in paragraph 27 of the Complaint.

28. Reckitt denies the allegations set forth in paragraph 28 of the Complaint, except respectfully begs leave of the Court to refer to a true copy of the product packaging of the VEET Rasera product for an accurate statement of the contents thereof in proper context.

29. Reckitt denies the allegations set forth in paragraph 29 of the Complaint, except respectfully begs leave of the Court to refer to a true copy of the product packaging of the VEET Rasera product for an accurate statement of the contents thereof in proper context.

30. Reckitt denies the allegations set forth in paragraph 30 of the Complaint, except respectfully begs leave of the Court to refer to true copies of the commercial and product packaging of the VEET mousse product for an accurate statement of the contents thereof in proper context.

31. Reckitt denies the allegations set forth in paragraph 31 of the Complaint, except respectfully begs leave of the Court to refer to a true copy of the commercial for an accurate statement of the contents thereof in proper context.

32. Reckitt denies the allegations set forth in paragraph 32 of the Complaint, except respectfully begs leave of the Court to refer to true copies of the commercials and the product packaging of the VEET mousse and Rasera products for an accurate statement of the contents thereof in proper context.

33. Reckitt denies the allegations set forth in paragraph 33 of the Complaint, except respectfully begs leave of the Court to refer to true copies of the commercial and the product packaging of the VEET mousse product for an accurate statement of the contents thereof in proper context.

34. Reckitt denies the allegations set forth in paragraph 34 of the Complaint.

35. Reckitt denies the allegations set forth in paragraph 35 of the Complaint.

## COUNT ONE

## RESPONSE TO ALLEGATIONS REGARDING THE LANHAM ACT

36. With respect to paragraph 36 of the Complaint, Reckitt repeats each and every admission and denial made in response to paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

37. Reckitt denies the allegations set forth in paragraph 37 of the Complaint.

38. Reckitt denies the allegations set forth in paragraph 38 of the Complaint.

39. Reckitt denies the allegations set forth in paragraph 39 of the Complaint.

40. Reckitt denies the allegations set forth in paragraph 40 of the Complaint.

41. Reckitt denies the allegations set forth in paragraph 41 of the Complaint.

42. Reckitt denies the allegations set forth in paragraph 42 of the Complaint.

## COUNT TWO

### RESPONSE TO ALLEGATIONS REGARDING THE MASSACHUSETTS CONSUMER PROTECTION ACT

43. With respect to paragraph 43 of the Complaint, Reckitt repeats each and every admission and denial made in response to paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

44. Reckitt denies the allegations set forth in paragraph 44 of the Complaint.

45. As to paragraph 45 of the Complaint, the allegation is merely a conclusion of law and requires no response.

46. Reckitt denies the allegations set forth in paragraph 46 of the Complaint.

47. Reckitt denies the allegations set forth in paragraph 47 of the Complaint.

48. Reckitt denies the allegations set forth in paragraph 48 of the Complaint.

49. Reckitt denies the allegations set forth in paragraph 49 of the Complaint.

50. Reckitt denies the allegations set forth in paragraph 50 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. This action should be dismissed, stayed, or transferred to the Southern District of New York because there is a prior action pending in that judicial district, captioned *Reckitt Benckiser Inc., v. The Gillette Company*, 04 Civ. 04207, which relates to and involves the same parties, the same transactions and occurrences, and the same legal issues.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. The Complaint -- and each Count therein -- fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. The acts and practices complained of in the Complaint did not occur primarily or substantially within the Commonwealth and therefore the Complaint does not state a claim under the Massachusetts Consumer Protection Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. Gillette has failed to set forth any statement made by Reckitt in its commercials or on its product packaging that is explicitly false in its description of the nature, origin, or characteristics of Reckitt's products.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Gillette has failed to set forth any statement made by Reckitt in its commercials or on its product packaging that is misleading in its description of the nature, origin, or characteristics of Reckitt's products.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. Gillette has not identified any misrepresentation that is likely to influence a consumer's purchasing decision regarding Reckitt's products.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Gillette's claims and/or the relief sought by Gillette are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or acquiescence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

58.     Gillette's claims and/or the relief sought by Gillette are barred, in whole or in part, by its failure to plead fraud or a condition of the mind with particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59.     Gillette lacks standing to bring this claim under Massachusetts General Laws Chapter 93A, Section 2(a).

WHEREFORE, Reckitt respectfully requests judgment as follows:

a.      Staying or transferring this case to the Southern District of New York where there is a prior action pending involving the same parties and the same transactions and occurrences; or, alternatively,

b.      Dismissing Gillette's Complaint in its entirety;

c..     Awarding to Reckitt its costs and reasonable attorneys' fees incurred in connection with the defense of this action; and

d.      Awarding to Reckitt such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RECKITT BENCKISER INC.

Attorneys for Defendant

_____
Daniel J. Kelly, BBO #553926
Eric Neyman, BBO #564803
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000
dkelly@ghlaw.com

**Certificate of Service**

I, Daniel Kelly, hereby certify that on the ___ day of June, 2004, I caused notice of the foregoing Answer, to be made upon all counsel of record by facsimile and by First-Class U.S. Mail, postage prepaid, to all counsel of record:

_____
Eric Neyman